IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Dorian Duane Topps*
Case No. 3:20-cr-00012-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Dorian Duane Topps's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (the "Motion").[1] Topps, age 31, argues that there are extraordinary and compelling reasons for a sentencing reduction because, due to the incarceration of his child's mother, he is the only available caregiver for his child, I.T.[2] The United States and the United States Probation Office (USPO) oppose the Motion.[3] For the following reasons, the Court **DENIES** the Motion.

### A. Background

On November 6, 2020, pursuant to a plea agreement, Topps pleaded guilty to five counts of Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B).[4] In the underlying offense, Topps sold or was involved in the sale of methamphetamine to an undercover agent on five occasions.[5] In total, Topps was responsible for 547.2 grams of methamphetamine (actual).[6] On September 2, 2021, Topps was sentenced to 180 months of imprisonment, the mandatory minimum, to be followed by ten years of supervised release.[7] He is currently housed at United States Penitentiary Coleman I with a projected release date of March 11, 2034.[8]

In his Motion, Topps argues that the incarceration of the mother of his four-year-old son I.T. constitutes an extraordinary and compelling reason for compassionate release.[9] I.T. is currently in the care of his maternal grandmother with "great assistance" from Topps's mother.[10] I.T.'s mother is incarcerated at Hiland Correctional Center with a scheduled release date of February 20, 2025.[11] However, Topps argues that I.T. requires "significant resources" beyond what the child's

---

[1] Dkt. 302 (Motion for Compassionate Release).
[2] *Id.* at 9–11.
[3] Dkt. 305 (Government Opposition); Dkt. 306 (Sealed USPO Memo).
[4] Dkt. 163 (Minute Entry); Dkt. 156 (Corrected Plea Agreement).
[5] Dkt. 246 (Sealed Final Revised Presentencing Report) at 4–6.
[6] *Id.* at 7.
[7] Dkt. 252 (Judgment) at 2–3.
[8] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/; Dkt. 306 at 1.
[9] Dkt. 302 at 9.
[10] *Id.* at 10.
[11] *Id.* at 9.

grandmothers can provide due to I.T.'s developmental delays.[12] Topps asserts that he is the only available caretaker for his son and that I.T. needs Topps's financial and developmental support.[13] Topps also asks the Court to consider Topps's efforts to obtain substance abuse treatments and his "realization of past mistakes, his growing maturity, and his determination to change his life."[14] Finally, Topps argues that his Guidelines sentencing range would have been lower if calculated using the Base Offense Level for 547.2 grams of a methamphetamine mixture, rather than methamphetamine (actual).[15]

Opposing the Motion, the Governments asserts that Topps has failed to establish extraordinary and compelling reasons for early release.[16] The Government argues that Topps has not shown that I.T.'s caregivers are incapacitated.[17] Further, the Government asserts that Topps's "strides toward rehabilitation are not, by itself, an extraordinary and compelling reason" for compassionate release.[18] The Government next argues that even if extraordinary and compelling reasons support Topps's early release, he is "a risk to the public" due to his criminal history. Finally, the Government argues that the 18 U.S.C. § 3553(a) sentencing factors do not warrant early release.[19] The Government further notes that Topps has nearly ten years remaining on his sentence.[20]

USPO opposes the Motion.[21] USPO notes Topps's lengthy, and sometimes violent, criminal history and emphasizes that the current offense occurred while Topps was on supervised release in U.S. District Court case 3:15-CR-00101-005-TMB.[22] However, USPO notes that Topps has completed 25 educational hours, is currently participating in a job placement class, and completed drug education in January 2022.[23] USPO also has concerns about Topps's release housing plan.[24] Citing the § 3553(a) factors, USPO recommends against compassionate release.[25]

## B. Legal Standard

18 U.S.C. § 3582(c)(1)(A) allows defendants to move the district court for a sentence reduction after exhausting their administrative remedies. After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"[26] U.S.S.G. § 1B1.13(b)(3) provides that "extraordinary and

---

[12] *Id.*
[13] *Id.* at 11.
[14] *Id.* at 7–8.
[15] *Id.* at 12.
[16] Dkt. 305 at 4.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 5.
[20] *Id.*
[21] Dkt. 306 at 4.
[22] *Id.* at 1; 3–4.
[23] *Id.* at 2.
[24] *Id.* at 3.
[25] *Id.* at 4.
[26] 18 U.S.C. § 3582(c)(1)(A).

compelling reasons" may exist in certain specific circumstances, including "[t]he death or incapacitation of the caregiver of the defendant's minor child."[27]

Where an offense carries a statutorily required minimum sentence that is greater than the maximum applicable Guidelines range, the statutorily required minimum sentence is the Guidelines sentence.[28]

### C. Discussion

As a threshold matter, the Court finds that Topps exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).[29] Although no party has provided evidence that Topps submitted a request for compassionate release to the warden, Topps asserts that he sent such a request on August 14, 2024.[30] Courts have accepted such assertions where there is no reason to assume bad

---

[27] U.S.S.G. § 1B1.13(b). The Ninth Circuit has held that the version of U.S.S.G. § 1B1.13 in place before November 2023 was "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)" but "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant" on the basis that the previous version only applied to motions filed by the Director of the Bureau of Prisons. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (internal quotation marks omitted). The Ninth Circuit also concluded that, under the previous version, a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799. On November 1, 2023, U.S.S.G. § 1B1.13 was revised to include motions made by defendants. As of the date of this Order, the Ninth Circuit has not ruled on whether the updated § 1B1.13 Policy Statement is binding on district courts. However, our sister courts in the Southern District of California, District of Oregon, District of Washington, and District of Hawaii have held that the revised § 1B1.13 supersedes the decision in *Aruda*. *See United States v. Chavez*, No. 18-CR-5436-GPC, 2024 WL 24065, at *3 (S.D. Cal. Jan. 2, 2024) ("[T]he amendments clarify that the policy statements apply to motions brought by both the BOP and defendants, fixing the issues identified by the Ninth Circuit… As such the Court is bound by the policy statements."); *United States v. Arcila*, 716 F. Supp. 3d 1052, 1055 (D. Or. Feb. 12, 2024), *reconsideration denied*, No. 3:14-CR-00267-HZ-3, 2024 WL 2048643 (D. Or. May 6, 2024) ("*Aruda* is no longer good law to the extent that it held that the policy statement is not binding on motions filed by defendants."); *United States v. Brown*, No. CR16-0259JLR, 2023 WL 8650290, at *2 (W.D. Wash. Dec. 14, 2023) ("Because the current policy statement post-dates the First Step Act, *Aruda* no longer controls—the policy statement does."); *United States v. Naki*, No. CR 20-00054 HG-01, 2024 WL 4145638, at *3 (D. Haw. Sept. 11, 2024) (finding *Aruda* is no longer good law with respect to the binding effect of the Sentencing Guidelines).

[28] U.S.S.G. § 5G1.1(b). *See also Dorsey v. United States*, 567 U.S. 260, 266–67 (2012) ("[N]o matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum.").

[29] 18 U.S.C. § 3582(c)(1)(A) ("The court may not modify a term of imprisonment once it has been imposed except that . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.").

[30] Dkt. 302 at 4.

faith on the part of the defendant.[31] Here, the Court has no reason to assume that Topps has acted in bad faith, and the Government agrees Topps has exhausted his administrative options.[32] More than thirty days have passed since Topps states that he made a request and was denied relief. Accordingly, the Court may consider the merits of the Motion.

In reviewing the merits, the Court concludes that Topps has not established that his family circumstances present extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A). The Court finds, based on statements made by I.T.'s maternal grandmother to USPO, that I.T.'s maternal grandmother is able to care for I.T. until I.T.'s mother is released from prison.[33] I.T.'s mother is expected to be released on February 20, 2025.[34] The Court further finds that I.T. is in a safe and stable home and is receiving appropriate medical care.[35] Although the Court acknowledges the burden Topps's incarceration places on his family, his preference that I.T.'s maternal grandmother not act as I.T.'s primary caretaker until February 20, 2025, does not rise to the level of an extraordinary and compelling reason justifying a sentence reduction.[36] The Court also finds that Topps's desire to provide financial support for his family is not an extraordinary and compelling circumstance.[37]

Furthermore, the Court finds that the § 3553(a) factors weigh against a sentence reduction in this case. Topps is 31 and has over nine years remaining on his sentence.[38] Topps's offense carries a 15-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) due to his previous

---

[31] *See, e.g., United States v. Levario*, No. 2:12-CR-00399-JAM-1, 2020 WL 3256918, at *2 (E.D. Cal. June 16, 2020) (accepting as true defendant's representation that he requested compassionate release from the warden where the court had no reason to assume bad faith on the part of defendant or counsel); *United States v. Richardson*, No. 2:17-cr-00048-JAM, 2020 WL 3402410, at *2 (E.D. Cal. June 19, 2020); *United States v. Massengill*, Case No. 3:17-cr-00091-02-TMB, (closed April 11, 2019) (Dkt. 146).

[32] Dkt. 305 at 3 ("Topps submitted a sentence reduction request to his warden more than 30 days ago; his motion is properly before the Court.").

[33] Dkt. 306 at 3.

[34] Dkt. 302-3 at 2.

[35] *See* Dkt. 306 at 3–4.

[36] *C.f. United States v. Rojas*, No. 17-cr-337-LAB, 2021 WL 4690509, at *2 (S.D. Cal. Oct. 7, 2021) (finding defendant's family circumstances extraordinary and compelling where the defendant's child had "multiple medical conditions" and "severe intellectual, emotional, and developmental disabilities" requiring "constant assistance," and where the child's then-caretaker was 78 years old, often had to stay up all night to watch over the child, "suffer[ed] from several ailments," was "in serious pain at least '90 percent of the time,'" and was under significant strain in caring for the child).

[37] *See, e.g., United States v. Degante*, No. 4:17-CR-00075, 2022 WL 2813716, at *5 (E.D. Tex. July 18, 2022) (concluding that defendant's "wish to provide . . . financial support for his children does not amount to 'extraordinary and compelling' reasons" for compassionate release); *United States v. Terletsky*, No. 2:16-cr-00080-RSM, 2021 WL 735699, at *4 (W.D. Wash. Feb. 25, 2021) (rejecting argument that defendant should be released because his family "need[ed] the financial support he c[ould] provide by returning to his family").

[38] Dkt. 306 at 1.

conviction for a serious drug felony.[39] Based on the seriousness of the offense conduct, Topps's history of drug and weapons offenses, and that the present offense was committed while he was on supervised release, the Court is not convinced that Topps does not pose a danger to the community. Though the Court acknowledges Topps's § 3553(a) arguments related to his work toward rehabilitation while incarcerated, Topps has not demonstrated that the § 3553(a) factors weigh in favor of compassionate release.

To the extent that Topps requests a sentence reduction based on the use of methamphetamine (actual) to calculate his Guidelines sentencing range, the Court denies this request. Topps asserts that if his sentencing range was calculated with the methamphetamine mixture, his Guidelines range would be 130–162 months.[40] However, the statutorily required minimum sentence of 180 months[41] is greater than the maximum of the applicable Guideline range. Therefore, pursuant to U.S.S.G. § 5G1.1(b), the statutorily required minimum sentence of 180 months shall be the Guideline sentence. The Court denies a sentence reduction on these grounds.

Accordingly, the Motion at Docket 302 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 3, 2024.

---

[39] Dkt. 156 at 5.
[40] Dkt. 302 at 12.
[41] 18 U.S.C. § 841(b)(1)(A).